UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RICHARD A. JILES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV419-350 |
| | ) | CR415-194 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Government's Motion to Dismiss Richard Antonio Jiles' 28 U.S.C. § 2255 Motion. Doc. 82.[1] Jiles was sentenced to 180 months of imprisonment on March 21, 2016 after pleading guilty to a single count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Doc. 26 at 1–2 (Judgment); doc. 54 (reimposing sentence). On October 25, 2017, this Court vacated his sentence and reimposed an identical sentence so that Jiles would have the opportunity to file an appeal.[2] Doc. 54. Jiles thereafter appealed his

---

[1] The Court is citing to the criminal docket in CR415-194 unless otherwise noted.

[2] In a prior hearing, the Government stipulated that Jiles' initial counsel advised him against appealing despite the non-existence of an appeal waiver. Doc. 46; doc. 49 at 2. As a result, the Court concluded Jiles' counsel was ineffective and permitted

sentence and conviction, arguing his indictment failed to allege he knew he was a felon and that Georgia's burglary statute is not an ACCA predicate offence. Brief of Movant-Appellant, *United States v. Jiles*, No. 17-14899 (11th Cir. Jan. 8, 2018). The Eleventh Circuit rejected these arguments and affirmed his conviction and sentence. *Jiles v. United States*, 733 F. App'x 1005 (Mem) (11th Cir. Aug. 10, 2018); *see also* doc. 63 (Appeal Opinion). On January 7, 2019, the United State Supreme Court denied Jiles' petition for certiorari. *Jiles v. United States*, 139 S.Ct. 837 (Mem) (2019); *see also* doc. 66.

On December 19, 2019, Jiles signature-filed[3] his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Doc. 67. In it, he raises two arguments.[4] *Id.* First, he claims the district court lacked jurisdiction over the § 922(g) offense. *Id.* at 4. Second, he contends he

---

Jiles to file an appeal that otherwise would have been considered out-of-time. Doc. 49, adopted by doc. 54.

[3] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290, n.2 (11th Cir. 2009). The Court presumes Jiles' motion was delivered for mailing on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a § 2255] motion was delivered to prison authorities the day [movant] signed it . . . .").

[4] Jiles' § 2255 motion appears to be timely filed, as it was filed within a year of the date the "judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

2

was "illegally charged of conduct that is not a violation of U.S. Laws." *Id.* at 5. He claims both issues were not previously presented in court because they are based on new Supreme Court precedent. *Id.* at 9. The Government has responded by filing a Motion to Dismiss. Doc. 82.[5]

The Court must now consider whether it lacked jurisdiction over the § 922(g) offense and whether Jiles' indictment was defective.[6] Jiles claims that pursuant to the case of *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191 (2019), there is no prosecutable stand-alone violation of § 922(g). Doc. 67 at 4. In *Rehaif*, which was issued shortly after Jiles' criminal conviction under § 922(g) became final, the Supreme Court concluded "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a

---

[5] On November 30, 2020, Jiles filed a notice of appeal appealing this Court's November 9, 2020 Order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Doc. 78. The appeal has now been resolved. Docs. 89 & 90.

[6] Ordinarily, a prisoner is procedurally barred from raising arguments in a motion to vacate which he has already raised and that have been rejected on direct appeal. *See Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). However, a defendant may be able to overcome this procedural bar to relitigation if his new claim is based on an intervening change in substantive law. *Davis v. United States*, 417 U.S. 333, 342 (1974) (concluding that even though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on direct appeal, the applicant may nevertheless be entitled to collateral review on the legal issue upon showing an intervening change in the law).

firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. This conclusion was based both on the use of the term "knowingly" in the text of § 924(a)(2) and the longstanding presumption in favor of scienter. *See id.* at 2198-99.

Prior to *Rehaif*, the Eleventh Circuit did not require the Government to prove a defendant knew he was a convicted felon in order to be convicted under § 922(g). *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (affirming conviction where district court instructed jury that it was not necessary that defendant knew that he had been convicted of a felony).[7] However, pursuant to *Rehaif*, the Eleventh Circuit now requires the Government to prove a defendant knew of his prohibited status. *See United States v. Reed*, 941 F.3d 1018, 1020–21 (11th Cir. 2019) (recognizing *Jackson* abrogated by *Rehaif*).

---

[7] In fact, in rejecting Jiles' argument on direct appeal, the Eleventh Circuit cited to *United States v. Jackson*, stating "it is not necessary for the government to prove that Jiles knew that he was a convicted felon in order to be convicted under§ 922(g)(1)." Doc. 63 at 2–3.

## ANALYSIS

### I. Whether Court had jurisdiction over Jiles' criminal proceedings

Jiles contends the Court lacked jurisdiction over his criminal proceedings as his indictment failed to allege a violation of any law. Doc. 67 at 18. He reasons that, in light of *Rehaif*'s holding regarding the application of § 924(a)(2)'s knowledge requirement to § 922(g) violations, his indictment's reference to § 922(g)(1) alone is insufficient to allege an offense. *Id.* at 19. In its Motion to Dismiss, the Government rebuts Jiles' argument and points to Eleventh Circuit precedent that holds a *Rehaif* error is nonjurisdictional. Doc. 82 at 3.

"A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'" *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (quoting *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 412 (11th Cir. 1996)). Such defects "cannot be waived or procedurally defaulted." *McCoy*, 266 F.3d at 1249. In determining whether a defect in an indictment is jurisdictional, the central question is whether the indictment charged the defendant with a criminal offense against the laws of the United States. *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014).

5

In *United States v. Moore*, 954 F.3d 1322, 1332–37 (11th Cir. 2020), the Eleventh Circuit considered whether, in light of *Rehaif*, the failure to allege a defendant's knowledge of his felon status in an indictment under § 922(g)(1) deprived the district court of jurisdiction. The *Moore* court stated "[a]n indictment tracking the statutory language and stating approximately the time and place of an alleged crime is sufficient." *Id.* at 1332. It concluded language in the indictment regarding the defendant's knowledge of his felon status was "not required to establish jurisdiction." *Id.* at 1333. "So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." *Id.* at 1336. In *United States v. McLellan*, the Eleventh Circuit reiterated its position, stating that a jurisdictional argument under *Rehaif* was "squarely precluded by our recent holding in *United States v. Moore*, . . . which held that a district court has jurisdiction over a felon-in-possession indictment that was filed before *Rehaif* even if it did not charge the knowledge-of-status element." 958 F.3d 1110, 1118 (11th Cir. 2020).

Similarly, in *United States v. Cromer*, 820 F. App'x 906, 910 (11th Cir. 2020), the Eleventh Circuit rejected an argument that the failure to

reference § 942(a)(2) deprived a court of jurisdiction. The *Cromer* court noted the indictment referenced "a criminal statute, § 922(g)(1), and alleged conduct that was criminal," and therefore it could not conclude the indictment charged a non-offense depriving the court of jurisdiction. *Id.* Here, too, Jiles' indictment referenced § 922(g)(1) and alleged criminal conduct. *See* doc. 1. As a result, Jiles' indictment stated a criminal offense, and therefore the Court should conclude that it did in fact have jurisdiction over his criminal proceedings.

## II. Whether the indictment was defective under the Fifth and Sixth Amendments

Jiles also complains that the indictment, in failing to allege a *mens rea* element or to otherwise cite to § 924(a)(2), was defective and in violation of the Fifth and Sixth Amendments. Doc. 67 at 21–23. The Government, however, contends this argument is waived by virtue of Jiles' plea of guilty. Doc. 82 at 3–4.

"By entering an unconditional guilty plea, [the defendant] has waived all non-jurisdictional defects in his indictment." *United States v. Hutchinson,* 815 F. App'x 422, 424 (11th Cir. 2020); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the

constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."). As outlined in the preceding section, the alleged defects in Jiles' indictment are nonjurisdictional. Accordingly, it follows that Jiles has waived these defects by pleading guilty. *See Marks v. United States*, 834 F. App'x 568, 569–70 (11th Cir. 2021) ("[W]e are compelled to conclude that [appellant's] voluntary guilty plea waived any challenge to his indictment under *Rehaif*, and we affirm [denial of his § 2255 motion].").

Moreover, Jiles has not contended his guilty plea was unknowing, involuntary, or conditional. Nowhere in his prior appeal nor in his § 2255 motion does he challenge the knowing and voluntary nature of his guilty plea. *See generally* Appellant's Br., No. 17-14899 (11th Cir. Jan. 8, 2018); doc. 67. Jiles has not even filed a response to the Government's Motion to Dismiss, and therefore the Court concludes he does not oppose the Motion or the arguments raised therein. *See* S.D. Ga. L. Civ. R. 7.5

([E]ach party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion . . . . Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

A review of the Court's records also indicates Jiles' plea was voluntary. *See* Doc. 19 at 9–10 (signature on Plea Agreement indicating Jiles understands plea agreement and entered into it voluntarily and Court finding that Jiles' "plea of guilty is made freely, voluntarily and knowingly"). The Court certainly finds nothing in Jiles' § 2255 motion that indicates the Court should reexamine the knowing and voluntary nature of Jiles' plea. While *pro se* litigants are afforded some leniency, courts do not have license to "serve as *de facto* counsel" or to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Moreover, even if Jiles had challenged the knowing nature of his plea in his § 2255 motion,[8] his motion would still be subject to dismissal

---

[8] The Court acknowledges a properly raised objection to the knowing nature of a guilty plea in light of *Rehaif* might have legs in the right circumstance. *See Bousley v. United States*, 523 U.S. 614, 618 (1998) ("We have long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"); *United States v. Roosevelt Coats*, 8 F.4th 1228, 1235

9

as he did not pursue this particular challenge on direct appeal. "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Alternatively, a defendant whose argument is procedurally defaulted can argue actual innocence under the "fundamental miscarriage of justice" exception. *Id.*

Here, Jiles completely fails to challenge the knowing and voluntary nature of his plea in his § 2255 motion, much less argue cause and prejudice or actual innocence, and even if he had raised these arguments, his motion would still be subject to dismissal. Cause for a procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim [on appeal]." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that 'its legal basis [was] not reasonably

---

(11th Cir. 2021) (concluding that "given the Supreme Court's subsequent decision in *Rehaif*, acceptance of the guilty plea by the district court must now be considered to be an error"). However, as demonstrated herein, Jiles has procedurally defaulted on such claim of error. *See Bousley*, 523 U.S. at 621 ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

10

available to counsel.'" *United States v. Bane*, 948 F.3d 1290, 1296–97 (11th Cir. 2020) (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In this case, Jiles cannot claim any *Rehaif*-based argument was "not reasonably available to counsel" at the time of his appeal. In fact, more than a year before the Supreme Court issued its *Rehaif* opinion, Jiles argued the very issue addressed in *Rehaif* on his direct appeal. Specifically, in his 2018 appellant's brief, Jiles argued a "'knowing' felon status must be alleged and proved" and that the Eleventh Circuit should overturn its opinion in *United States v. Jackson*. Appellant's br. at 14, 16–18, No. 17-14899 (11th Cir. Jan. 8, 2018). Accordingly, it follows that *Rehaif*-type arguments were available to Jiles at the time he filed his direct appeal, including ones that challenged the knowing and voluntary nature of his plea. Any attempt by Jiles to now argue cause would fail.[9]

---

[9] Courts, including this Court, have declined to find the issuance of *Rehaif* constitutes cause so as to excuse procedural default on claims that knowledge of status was not properly alleged or proven. *See Brown v. United States*, 2021 WL 2546466, at *6 (M.D. Ga. Apr. 5, 2021) ("[A]lthough binding precedent in the Eleventh Circuit at the time Petitioner pled guilty would have made an argument similar to the one raised in *Rehaif* seemingly futile, a knowledge-of-status argument was not novel."); *see also Gilbert v. United States*, 2020 WL 4210632, at *8 (S.D. Ga. June 23, 2020) (determining § 2255 claim that indictment lacked *mens rea* element was available prior to *Rehaif* and concluding petitioner failed to show cause for his procedural default), *adopted by* 2020 WL 4208240 (S.D. Ga. July 22, 2020); *see also In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (concluding *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g).").

Likewise, any attempt to argue prejudice would fail. To show actual prejudice sufficient to excuse a procedural default, Jiles would need to establish the alleged error "worked to his 'actual and substantial disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (citation omitted). After reviewing Jiles' § 2255 motion, his appellant's brief, as well as his plea hearing transcript and sentencing transcript, the Court finds nothing to indicate Jiles did not know he was a felon at the time he possessed the firearm at issue. Not once does he object or express confusion about his status as a convicted felon. Docs. 47, 48 & 67; Appellant's br., No. 17-14899 (11th Cir. Jan. 8, 2018). Additionally, during Jiles' plea hearing, there was testimony by the arresting officer that Jiles admitted to knowing he was a felon at the time he was arrested for his possession offense. Doc. 47 at 29.[10] Moreover, the Court's records indicate Jiles had three qualifying preexisting felonies. Doc. 48 at 7. As noted by the Supreme Court, "[i]f a person is a felon, he ordinarily knows he is a felon.

---

[10] A. …And he also acknowledged in the fact -- in the interview the fact that he was a convicted felon.
Q. And knew that he should not have a firearm?
A. Correct.

Doc. 47 at 29.

'Felony status is simply not the kind of thing that one forgets.'" *Greer v. United States*, ___ U.S. ___, 141 S.Ct. 2090, 2097 (2021) (citation omitted).

There is no reason to believe that Jiles "would have continued to trial absent the district court's error in not informing him that the government was required to prove 'that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Cooper*, 824 F. App'x 656, 659 (11th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2200). In light of this, the Court concludes Jiles cannot show that a *Rehaif* error prejudiced him. *See United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020) (affirming conviction and noting "[h]ad [defendant] known that the government needed to prove that he knew he was a felon, the probability is virtually zero that it would have changed his decision to plead guilty."); *United States v. Roosevelt Coats*, 8 F.4th 1228, 1238, 1263 (11th Cir. 2021) (affirming conviction after guilty plea because *Rehaif* error caused no prejudice and did not affect defendant's

substantial rights where he did not assert he would have gone to trial had he understood the knowledge-of-status element).[11]

Finally, there is nothing in the § 2255 motion to suggest Jiles is actually innocent of his felon-in-possession conviction. *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) ("[A]ctual innocence means *factual* innocence, not mere legal insufficiency." (internal quotation marks and citation omitted)). As outlined above, the record indicates Jiles had three prior felony convictions and that he even admitted to knowing his felony status at the time of his arrest. Accordingly, the actual innocence exception is not applicable here. Thus,

---

[11] Some courts have questioned whether *Rehaif* even applies in this instance. The Judgment in Jiles' criminal proceeding invoked the penalty provision contained in § 924(e)(1), not § 924(a)(2). Doc. 26. As noted above, the *Rehaif* holding was based in part on the use of the term "knowingly" in the text of § 924(a)(2). Unlike § 924(a)(2), § 924(e)(1) does not contain the modifier "knowingly." Specifically, § 924(a)(2) states: "Whoever *knowingly* violates subsection . . . (g) . . . of section 922," 18 U.S.C. § 924(a)(2) (emphasis added), while § 924(e)(1) states: "In the case of a person who violates section 922(g) . . . ." 18 U.S.C. § 924(e)(1). Thus, it is possible the holding of *Rehaif* does not even apply to Jiles' conviction and sentence. *See United States v. Dowthard*, 948 F.3d 814, 818 n.1 (7th Cir. 2020) (noting that § 924(e) "has no express scienter requirement, 'knowingly' or otherwise" but finding that it need not decide whether *Rehaif* applies to § 924(e) convictions because the government conceded error); *North v. United States*, 2020 WL 2873626, at *3, n.18 (N.D. Ga. May 14, 2020) ("The Court is not convinced *Rehaif*'s knowledge-of-status element even applies to this case because North's conviction relied on § 924(e) rather than § 924(a)(2)."); *MacArthur v. United States*, 2020 WL 1670369, at *8 (D. Me. Apr. 3, 2020) (noting *Rehaif* might not necessarily apply to § 924(e) convictions). At the very least, the Court finds no error in the failure of Jiles' indictment to reference § 924(a)(2).

even if Jiles had contested the knowing and voluntary nature of his plea in his § 2255 motion, such a claim could not have survived the Court's procedural default analysis.[12]

In conclusion, Jiles cannot prevail on his Fifth and Sixth Amendment challenges to his indictment under *Rehaif* as such challenges have been waived by his plea of guilty. Despite asserting a constitutional challenge under *Rehaif* in his § 2255 motion, he is not entitled to relief. *See Greer*, ___ U.S. at ___, 141 S.Ct. at 2093 ("*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'").

---

[12] Even if there was no procedural default, Jiles' § 2255 claim would still fail on the merits under the harmless error standard applicable on collateral review. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993*); see also United States v. Arthurs*, 823 F. App'x 692, 697 (10th Cir. 2020) (applying *Brecht*'s harmless error standard to a *Rehaif* claim raised in a § 2255 motion). Under the *Brecht* standard, "[i]f, when all is said and done, the [court's] conviction is sure that the error did not influence, or had but very slight effect, the verdict and the judgment should stand." *Ross v. United States*, 289 F.3d 677, 683 (11th Cir. 2002) (citation omitted). On the other hand, "if a federal court is 'in grave doubt about whether a trial error of federal law had substantial and injurious effect or influence'" on the outcome, then that error is not harmless. *Id.* Here, the Court concludes the alleged *Rehaif* error had little, if any, effect on the outcome of Jiles' proceedings. As outlined above, there was substantial evidence that Jiles knew he was a convicted felon when he possessed the firearm forming the basis of his conviction under § 922(g), and thus it is extremely unlikely he would have changed his plea had he known the Government had to prove his knowledge of his felon status. As a result, any alleged *Rehaif* error was harmless.

## CONCLUSION

For these reasons, it is **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**, doc. 82, that Jiles' § 2255 motion be **DENIED**, doc. 67, and that civil action CV419-350 be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA